# IN THE COURT OF APPEALS OF IOWA

No. 15-1205
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRANDON DEWIELDE TATE,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer, Judge.

        A defendant challenges the sufficiency of the evidence supporting his conviction for second-degree robbery. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Brandon Tate appeals his second-degree-robbery conviction, alleging there was insufficient evidence to support the jury's finding of guilt. Specifically, he argues that because the jury found no gun was used, there was no evidence of an assault or of a threat of immediate serious injury. Because substantial evidence supports a finding Tate placed his victim in fear of immediate serious injury, we affirm.

### I. Background Facts and Proceedings.

At trial, Molly Eastman testified she drove to a convenience store near her home in the early-morning hours of September 21, 2013, intending to purchase cigarettes. When she arrived at the convenience store, she realized it would not open for approximately ten more minutes. Because of the store's location in a high-crime area, Eastman planned to return home to wait until the store opened. As Eastman began to leave the store's parking lot, Tate motioned for her to stop, and Eastman rolled down her window to speak with him. Tate approached the driver's side of the car and lifted his shirt to show Eastman what she believed to be a gun tucked into the waistband of his pants. Eastman was frightened that Tate would shoot her, so when Tate ordered her to let him into the car, Eastman complied. She also complied with his demand to drive her to a nearby senior living center. When they arrived in the area near the senior living center, Tate directed Eastman where to drive and park. Tate took Eastman's wallet from her, removed the money from her wallet, and told her that he would come after her family if she told anyone.

When Eastman returned home immediately after the incident, she was terrified, crying, and "hysterical." According to her fiancé, Dan Harkrider, Eastman "flew in the door, dropped everything on the floor, screaming, [and] told me to call the cops." She informed Harkrider that she had been robbed at gunpoint. Harkrider called the police, who took Eastman's statement and interviewed her.

With the aid of security footage from the convenience store, Tate was identified as the perpetrator of the crime and was charged with robbery in the first degree, a class "B" felony, in violation of Iowa Code sections 711.1 and .2 (2013). His first trial resulted in a mistrial due to a breakdown in the attorney-client relationship.

A second trial was held in April and May of 2015. Tate moved for a judgment of acquittal at the close of the State's evidence, which the trial court denied. After deliberation, the jury returned a verdict finding Tate guilty of the lesser-included offense of second-degree robbery.

Tate filed a motion for new trial, arguing in part that the verdict was contrary to the weight of the evidence. His motion was denied, and he was sentenced to a term of no more than ten years in prison. Tate filed a timely notice of appeal.

## II. Scope and Standard of Review.

We review challenges to the sufficiency of the evidence to support a conviction for the correction of errors at law. *See State v. Alvarado*, 875 N.W.2d 713, 715 (Iowa 2016). The evidence is viewed in the light most favorable to the State to determine whether, viewing the evidence as a whole, a reasonable

person could find the defendant guilty beyond a reasonable doubt. *See id.* The verdict will be upheld if supported by substantial evidence. *See State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). Evidence is substantial if it could convince a rational fact finder the defendant is guilty beyond a reasonable doubt. *See id.* Evidence is not substantial if it only raises suspicion or speculation as to the defendant's guilt. *See id.*

### III. Analysis.

At trial, the jury was instructed in pertinent part:

> The State must prove all of the following elements of Robbery in the First Degree:
> 1. On or about the 21st day of September, 2013, [Tate] had the specific intent to commit a theft.
> 2. To carry out his intention or to assist him in escaping from the scene, with or without the stolen property, [Tate]:
>    a. Committed an assault on [Eastman], or
>    b. Threatened [Eastman] with, or purposely put [Eastman] in fear of immediate serious injury[.]
> 3. [Tate] was armed with a dangerous weapon.
> If the State has proved all of the elements, [Tate] is guilty of Robbery in the First Degree. If the State has proved elements 1 and 2, but has failed to prove element 3, [Tate] is guilty of Robbery in the Second Degree.

The jury was further instructed that "serious injury is a bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement or extended loss or impairment of the function of any bodily part or organ."

Tate challenges the sufficiency of the evidence to support his conviction for second-degree robbery. Because he was not convicted of first-degree robbery, he notes the jury found he was not armed with a dangerous weapon. Tate argues that without a weapon in his possession, there was no basis in the

evidence to support a finding he threatened Eastman or put her in fear of a substantial risk of immediate serious injury.

When viewed in the light most favorable to upholding the jury's verdict, there is substantial evidence in the record to support the finding Tate placed Eastman in fear of immediate painful, injurious, insulting, or offensive physical contact. Eastman testified Tate lifted his shirt as he approached her vehicle, which is corroborated by the convenience store's surveillance video. Eastman testified that she believed Tate had a gun, and she was fearful that he would shoot her. Harkrider and the officers who investigated the crime testified that Eastman was visibly upset afterward. Although the jury's acquittal of the first-degree-robbery charge indicates it found Tate was not armed with a dangerous weapon, a reasonable jury could have found that Tate acted in a manner indicating he was armed in order to put Eastman in fear of immediate serious injury. *See State v. Heard*, 636 N.W.2d 227, 232 (Iowa 2001) (finding sufficient evidence supported Heard's conviction under the assault alternative where Heard entered a store early in the morning with his appearance disguised, demanded the clerk give him money, and ordered her to lie down before leaving because it could be reasonably inferred Heard intended to place the clerk in fear of immediate physical contact that would be painful, injurious, or offensive if the clerk did not comply); *State v. Losey*, No. 05-1745, 2006 WL 3802925, at *3 (Iowa Ct. App. Dec. 28, 2006) (affirming second-degree-robbery conviction even though "the record contain[ed] no evidence indicating Losey was armed, made an express threat or threatening gesture" because "Losey's demeanor, proximity to the bank teller, his note demanding money, as well as the teller's resulting

fear, when considered in total," supported his conviction under the assault alternative); *State v. Ockenfels*, No. 00-1016, 2002 WL 984373, at *3 (Iowa Ct. App. May 15, 2002) (finding substantial evidence supported Ockenfels's robbery conviction in part because Ockenfels "had his hand in his pocket which could be taken for his having a gun"); 4 Wharton's Criminal Law § 462 (15th ed.) (noting that although a defendant who uses a toy or simulated gun may be guilty of robbery, the defendant can only be convicted of a more serious degree of robbery if the toy or simulated gun is in fact a deadly or dangerous weapon); *see also* Lynn Considine Cobb, Annotation, *Robbery by Means of Toy or Simulated Gun or Pistol*, 81 A.L.R.3d 1006 § 8 (1977) (outlining cases in which courts have held the element of force or fear of some form of antecedent violence was present where the defendant used a simulated gun).

Tate notes inconsistencies in Eastman's testimony. In reaching its verdict, the jury made its own determination of whether Eastman's testimony was credible. *See State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006). "The jury [was] free to believe or disbelieve any testimony as it [chose] and to give weight to the evidence as in its judgment such evidence should receive." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). "The very function of the jury is to sort out the evidence presented and place credibility where it belongs." *State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984); *see also State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) ("It is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury.").

Because substantial evidence supports the finding Tate put Eastman in fear of immediate serious injury, there is sufficient evidence to support his second-degree-robbery conviction.  Accordingly, we affirm.

**AFFIRMED.**