**IN THE COURT OF APPEALS OF IOWA**

No. 19-1791
Filed September 2, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**TERRANCE LEE CLOPTON,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Des Moines County, John G. Linn,
Judge.

     Terrance Lee Clopton challenges the sufficiency of the evidence supporting
his convictions for possessing a firearm as a felon and carrying a concealed
weapon. **AFFIRMED**.

     Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

     Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney
General, for appellee.

     Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Following a jury trial, Terrance Lee Clopton was convicted of possessing a firearm as a felon (count I) and carrying a concealed weapon (count II). Iowa Code §§ 724.4, .26 (2019). On appeal, he challenges the sufficiency of the evidence supporting both convictions.

**I.      Factual Background.**

Around 8:20 in the morning of June 18, 2019, a woman having her morning coffee in Burlington heard a commotion outside her house. She looked outside and witnessed three men having a verbal altercation. One of the men was Clopton, who was wearing a black polo shirt, jeans, and a black ball cap.

Clopton and one of the other men (described as the tall man) appeared to be acting aggressively toward the third man (described as the shorter man). At some point during the altercation, the shorter man was told "you don't need that," and he set a handgun down on the street. The witness then saw Clopton pick up the handgun, tuck it in the waistband at the front of his pants, and walk away from the scene. Upon seeing the gun, the witness called police. Before police arrived, Clopton went into a nearby convenience store, bought some items, placed them in a white bag, and left. He returned to the scene outside the witness's house, coming back into view of the witness. Upon his return, Clopton was not wearing a shirt. When the police arrived, one officer saw Clopton and the tall man walking in the street, with the tall man carrying a white bag. Before the officer could get out of the officer's vehicle and approach the men, the tall man walked off the street and set the bag down near a telephone pole. Subsequent investigation resulted in police officers looking in the white shopping bag and discovering a handgun

wrapped in a black polo shirt along with unopened items consistent with those purchased by Clopton at the convenience store. Clopton did not have his shirt or the handgun on him when police arrived. Determining that all three men involved were convicted felons and had each possessed the gun, all three were charged with possessing a firearm as a felon and carrying weapons. As noted, Clopton was convicted of both charges.

## II.     Error Preservation.

Before proceeding to the merits, we must first address whether Clopton has preserved error on his claims. To preserve error on a claim of insufficient evidence, Clopton was required to make a motion for judgment of acquittal at trial that identified the specific grounds raised on appeal. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). Error is not preserved on a sufficiency-of-the-evidence issue when a defendant makes a "motion for judgment of acquittal but fails to identify specific elements of the charge not supported by the evidence." *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019). There is an exception to this error preservation rule when "grounds for a motion were obvious and understood by the trial court and counsel." *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)).

Here, Clopton's counsel made a motion for judgment of acquittal during trial. In its entirety, the motion stated: "Your Honor, the defense moves for directed verdict, basis the [S]tate's failure to make a prima facie case." The State contends this did not preserve error because the motion did not adequately identify specific elements of the charges not supported by the evidence. We address the State's contention separately for each charge.

### A.    Possessing a Firearm as a Felon.

On the felon-in-possession charge, Clopton's motion did not identify the elements for which he claimed the State's evidence to be lacking, so his motion would not preserve error on this count if it were not for an exception.  As noted, there is an exception to our error preservation rules regarding challenges to the sufficiency of the evidence when grounds for a motion for judgment of acquittal are "obvious and understood by the trial court and counsel."  *Id.* (quoting *Williams*, 695 N.W.2d at 27).  When the parties stipulate to all other elements of the offense, leaving only one element to resolve, it becomes sufficiently obvious and understood that a motion for judgment of acquittal based on insufficient evidence is targeted at the element left to be resolved so as to preserve error.  *Williams*, 695 N.W.2d at 27–28.

For the felon-in-possession charge, the parties agreed there were two elements:

> 1.    On or about June 18, 2019, the defendant knowingly had under his dominion and control, or knowingly transported a firearm.
> 2.    The defendant previously was convicted of a felony.

As in *Williams*, the parties stipulated to one of the elements, leaving only one element in dispute.  *See id.* at 28.  In this case, Clopton stipulated to a previous felony conviction, so only the first element remained in dispute.  While it is a close call,[1] because there was only one element left in dispute, Clopton's non-specific

---

[1] It is a close call because, while there was only one element left in dispute, that element contained multiple concepts.  Was Clopton's challenge to the remaining element targeted at the sufficiency of the evidence supporting a finding the item was under his dominion?  The item was under his control?  The item was transported by him?  The item was a firearm?  He acted knowingly?  Given the

motion on this count had to have been targeted at that element. Therefore, error was preserved on his challenge to the sufficiency of the evidence supporting that element.

### B. Carrying a Concealed Weapon.

Unlike the charge in count I, the carrying-weapons charge contained three elements,[2] none of which involved a stipulation of the parties. Due to all three elements being in dispute, Clopton's non-specific motion in arrest of judgment did not adequately identify which of the elements he claimed to be lacking sufficient evidentiary support. Therefore, Clopton failed to preserve error on his challenge to the sufficiency of the evidence on this charge, and we will not address it further. *See Albright*, 925 N.W.2d at 150.

### III. Standard of Review.

Claims of insufficient evidence are reviewed for correction of legal error. *State v. Schiebout*, 944 N.W.2d 666, 670 (Iowa 2020). "We will uphold the verdict on a sufficiency-of-evidence claim if substantial evidence supports it." *Id.* "Evidence is substantial 'if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable

---

multiple concepts yet to be resolved in this remaining element, Clopton arguably did not preserve error on this charge. In spite of the close call, we find Clopton preserved error on this issue and address the merits on this charge. Nevertheless, best practices dictate a defendant should "identify specific elements of the charge not supported by the evidence" when making a motion for judgement of acquittal. *Albright*, 925 N.W.2d at 150.

[2] The jury instructions set out the elements of the carrying-weapons charge:

    1.    On or about June 18, 2019, the defendant was armed with a pistol or a revolver.

    2.    The pistol or revolver was concealed on or about the defendant's person.

    3.    The pistol or revolver was a dangerous weapon.

doubt.'" *Id.* (quoting *State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019)). All evidence is considered, not just the evidence supporting the verdict. *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017). "Evidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." *Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 393 (Iowa 2010) (quoting *Raper v. State*, 688 N.W.2d 29, 36 (Iowa 2004)).

## IV.     Sufficiency of the Evidence.

We now turn to the merits of Clopton's challenge to the sufficiency of the evidence supporting his conviction for possessing a firearm as a felon. As previously noted, Clopton only challenges the element requiring the State to prove Clopton knowingly had a firearm "under his dominion and control" or knowingly transported a firearm. Our appellate courts "have long held that 'dominion and control' may be shown by constructive, as well as actual, possession." *State v. Turner*, 630 N.W.2d 601, 609 (Iowa 2001). Cases involving possession of firearms apply the same standard for determining possession as used in cases involving possession of drugs. *See, e.g.*, *State v. Reed*, 875 N.W.2d 693, 707–08 (Iowa 2016). A person has actual possession when the item at issue is found on the person, or it was on the person "at some point in time." *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). Constructive possession occurs when a person has knowledge of the presence of the contraband and has the authority or right to maintain control of it. *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008).

Essentially, Clopton argues he was not in actual possession of the handgun because the police did not catch him with it on him. This argument ignores the fact that actual possession does not require proof the police saw Clopton with the handgun on him. It only requires proof Clopton had the handgun on him at some time. *See Thomas*, 847 N.W.2d at 442. That proof was provided by the eyewitness who saw Clopton pick up the handgun and tuck it into the waistband of his pants. This testimony alone provides the necessary level of evidence to support the jury's verdict. Clopton's arguments attacking the credibility of the eyewitness and suggesting she mistook the cell phone or Bluetooth speaker Clopton was carrying for a handgun are unavailing. This is because, in considering a challenge to the sufficiency of the evidence, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)). Finding sufficient evidence that Clopton was in actual possession of the handgun, we need not address whether he was also in constructive possession of it.

**AFFIRMED.**