# IN THE COURT OF APPEALS OF IOWA

No. 19-0916
Filed November 30, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CLINT C. ROE,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

    Clint Roe appeals an order for victim restitution. **AFFIRMED.**

    Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

    Considered by Mullins, P.J., and May and Schumacher, JJ. Tabor, J., takes no part.

**MULLINS, Presiding Judge.**

Pursuant to a plea agreement, Clint Roe pled guilty to first-degree theft and third-degree burglary.[1]  The plea agreement called for Roe to "pay victim restitution in an amount to be determined."  The matter proceeded to a restitution hearing following sentencing.  The victim of Roe's crimes testified to damages to his personal property on or about March 15, 2018, resulting from Roe's acts, and exhibit evidence in the form of invoices and estimates was admitted concerning the repair and replacement costs concerning the damages.

The property included a motorhome, which the victim testified was not taken but was "destroyed."  The victim explained: "You couldn't even walk in.  All the drawers, walls, everything was ripped out of it, everything underneath of it.  All the doors were broken open. . . .  We couldn't get it started at first because the engine cover was off and some things were ripped off."  He also explained "wiring [was] pulled out of the walls, [and] stuff [was] ripped out of the bathroom."  When the victim got a repair estimate, he was advised it could be fixed, "but it just wasn't worth it because it was the value of the motorhome to fix it."  A repair estimate was submitted for the motorhome totaling $21,400.00.  The victim also had to pay $674.09 to get the motorhome started in order to transport it for an estimate and $101.12 for the estimate, both of which were evidenced by receipts.

Also among the property was a truck hooked up to a trailer carrying a commercial heating and air conditioning unit.  An invoice as to the heating and cooling unit, which was never recovered, provided the replacement cost for the

---

[1] A third charge of criminal mischief was dismissed.

unit would be $9800.00. The trailer was equipped with "ramps and boxes with equipment and stuff in them, ratchet straps and all the things you need for a trailer, chains and stuff and then LED light and a big winch in the front of it." The record contains what appears to be a sales advertisement of a similar trailer that was priced at $4595.00.[2] The victim testified that price would not include "any of the stuff on it, you know, no boxes, no equipment, no winch, no anything." The victim testified adding in all the other components would elevate the cost of the trailer "in the range of $6500.00." The truck, which was not stolen, was also damaged. An invoice was submitted showing the repair cost was $620.87. Some equipment was also stolen from the truck, which the victim opined would cost $350.00 to replace.

The victim submitted an itemization of his alleged costs: $21,400.00 for cost of repair to the motorhome, $674.09 to get motorhome running for transport, $101.12 for the estimate on the motorhome, $620.87 for repairs to the truck, $350.00 for stolen equipment from the truck, $9800.00 for replacement cost of the heating and cooling unit, and $6500.00 for replacement cost of trailer and associated equipment, for a total of $39,446.08. Following the restitution hearing, the court entered an order for restitution in favor of the victim for the requested amount.

Roe now appeals, challenging the sufficiency of the evidence supporting the award of restitution. Our review is for legal error, and our sole task is to

---

[2] This item was not admitted as evidence at the hearing, and Roe complains the court erred in considering it. However, it was attached to the previously filed pecuniary damages statement. And testimony was provided concerning the relevant content of the exhibit.

"determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *State v. DeLong*, 943 N.W.2d 600, 604 (Iowa 2020) (quoting *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010)).

Roe claims "$23,655.00 of the pecuniary damages awarded to the victim are speculative, lack a reasonable basis, and are not supported by substantial evidence." As to the damages for the motorhome in the amount of $21,400.00, Roe claims the estimate exhibit supporting those damages is "ambiguous and unreliable." First he complains the estimate notes the estimate is for a 2005 model, while the minutes of evidence note the vehicle is a 2002 model. He also complains the estimate lacks itemization specificity to his liking. He finally complains that the October 23, 2018 estimate notes the "Estimate is good for only 30 days" and was therefore stale by the time of the May 2019 restitution hearing.

On the first point, while there is a discrepancy in the year of the vehicle, the court could reasonably infer the estimate was for the motorhome that was inspected for purposes of the quote. The presumed typo is inconsequential. On the specificity of the itemization, Roe largely complains the estimate noted inclusion of "MISC" (miscellaneous) repairs, and there is no way of knowing if those repairs were connected to the criminal acts. But the estimate specified the miscellaneous repairs were part of the repairs for "damage from vandalization," so the court could reasonably conclude those damages were causally connected to the criminal acts. *Cf. id.* at 607 ("[W]hen the record contains an expense verification . . . that reasonably identifies the service provided, identified the cost borne by the victim, and verifies that the costs were incurred as a direct result of crime, we think the claim is supported by substantial evidence."). On the staleness

issue, we agree with the State that "the fact that the court relied on an older estimate would only benefit Roe as it is unlikely that the cost to repair the motor home would decrease." We find the evidence sufficient to support the portion of the award attributable to the motorhome.

Next, Roe challenges the sufficiency of the evidence to support the award of $6500.00 for the trailer and equipment. As to the trailer itself, Roe complains the victim's testimony at the restitution hearing was internally inconsistent and inconsistent with the minutes of evidence and therefore not credible to support the award. While there were some inconsistencies in the evidence, it is not our role to resolve conflicts in the evidence or to pass upon the credibility of witnesses in a sufficiency-of-the-evidence review. *See State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)). The court was provided with evidence that the value of "the same trailer" listed in the sales advertisement was $4595.00. The court's award of that amount attributable to the trailer is supported by sufficient evidence.

Finally, Roe challenges the sufficiency of evidence to support the award of restitution for the stolen equipment from the trailer and the truck. As to the trailer equipment, this would include the excess over $4595.00 of the $6500.00 request for the trailer and its equipment, $1905.00. The victim requested $350.00 for the equipment stolen from the truck.

While these amounts were essentially supported only by the victim's estimates of the items' costs, testimony about value "is liberally received, with its weight to be determined by the" factfinder, *State v. Savage*, 288 N.W.2d 502, 504 (Iowa 1980), and an owner of property is competent to testify to its value, *State v.*

*Boyken*, 217 N.W.2d 218, 220 (1974). The court received evidence that several pieces of equipment were stolen and testimony of the victim of his estimated value of the same. There was substantial evidence before the court to support its award or restitution attributable to the stolen equipment.

Finding substantial evidence to support the court's award of restitution for the challenged items, we affirm.

**AFFIRMED.**