# IN THE COURT OF APPEALS OF IOWA

No. 19-1765
Filed February 17, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM KIRBY MANN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Keokuk County, Crystal S. Cronk, Judge.

        William Mann appeals his conviction of second-degree sexual abuse.
**AFFIRMED.**

        Shawn C. McCullough of Powell & McCullough, PLC, Coralville, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., May, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCOTT, Senior Judge.**

William Mann appeals his conviction of second-degree sexual abuse, claiming the court erred in denying his motions for judgment of acquittal and his post-trial motion for a new trial.

Following the State's case-in-chief, defense counsel moved for judgment of acquittal, arguing as follows:

> [A]t this stage in the proceedings the State has not raised sufficient evidence for the jury to conclude that Mr. Mann can be guilty of this offense.
> The testimony provided by the State's witnesses was contradictory, inconsistent, and unreliable, could not be relied upon by the jury to make a finding of guilt, and therefore, the defense requests that the Court enter a judgment of acquittal.

Following a brief response from the State, the court denied the motion. On appeal, we agree with the State that this generic motion for judgment of acquittal was insufficient to preserve error for appellate review. S*ee, e.g.*, *State v. Schories*, 827 N.W.2d 659, 664 (Iowa 2013); *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996).

Following the presentation of the evidence for the defense, counsel renewed the motion, arguing:

> [T]he evidence submitted is insufficient to sustain a conviction due to the inconsistent, unreliable, and inaccurate accounts provided by the only witnesses who witnessed the acts, the alleged acts; that there is insufficient evidence that a sex act occurred. No—No conviction of a sex act could be sustained by the jury, and so we move the court to enter judgment of acquittal.

The court denied the motion. The State does not address whether this motion preserved error on the sufficiency-of-the-evidence challenge. We will assume it was sufficient to preserve error on the sufficiency of the evidence supporting the sex act element. *See* Iowa Code §§ 709.1; .3 (2019). But, viewing the evidence

in the light most favorable to the State, including all reasonable inferences that may be drawn from the evidence, we conclude a rational jury could have found Mann guilty beyond a reasonable doubt. *See State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018); *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017).

In any event, on appeal, Mann simply argues—while not homing in on any particular element of the crime—there was insufficient evidence that sexual abuse occurred, echoing his generic claims made to the district court that the testimony of the child victim was "contradictory," "unreliable," "inconsistent," and "inaccurate." Mann essentially invites us to go beyond our role in assessing the sufficiency of evidence. In considering a sufficiency-of-the-evidence challenge, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)). We decline Mann's request that we exceed our role and we therefore reject Mann's challenge as framed.

Mann also argues the court inappropriately denied his post-trial motion for a new trial and in arrest of judgment, which was basically a revival of the arguments raised in his motions for judgment of acquittal. The motion cited both "the weight and sufficiency of the evidence." On appeal, Mann's one-paragraph argument challenging the court's denial only mentions the sufficiency of the evidence, which we reject in accordance with the foregoing. He makes no appellate claim relative to the weight of the evidence, so we need not consider that issue.

As one final note on all issues presented, while Mann provided citations to two legal authorities on the issues of the standard of review and legal framework, the argumentative portions of his brief go unsupported by citations to legal authority. We exercise our discretion and deem each issue waived for failure to cite to authority in support of the issues presented. *See* Iowa R. App. P. 6.903(2)(g)(3).

We affirm Mann's conviction of second-degree sexual abuse.

**AFFIRMED.**