# IN THE COURT OF APPEALS OF IOWA

No. 20-1291
Filed September 1, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY WILLIS SOTECO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

        Anthony Willis Soteco challenges the sufficiency of the evidence supporting his conviction for domestic abuse assault.  **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, and Lisa Manoogian, Student Legal Intern, for appellee.

        Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Following a bench trial, Anthony Soteco was found guilty of domestic abuse assault.[1]  On appeal, he argues the evidence was insufficient to prove he acted with specific intent to cause pain, injury, or physical contact that would be insulting or offensive to the alleged victim.

Sufficiency-of-the-evidence challenges are reviewed for corrections of errors at law.  *State v. Donahue*, 957 N.W.2d 1, 7 (Iowa 2021).  We uphold the verdict on a sufficiency-of-the-evidence challenge if substantial evidence supports it.  *State v. Schiebout*, 944 N.W.2d 666, 670 (Iowa 2020).  Following a bench trial, we review the district court's findings as we would a jury verdict, meaning we will affirm the verdict if supported by substantial evidence.  *State v. Warren*, 955 N.W.2d 848, 857 (Iowa 2021).  "Evidence is substantial 'if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.'"  *Schiebout*, 944 N.W.2d at 670 (quoting *State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019)).  All evidence is considered, not just the evidence supporting the verdict.  *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017).

Viewed in the light most favorable to the State, the district court could find the following facts.  On December 30, 2019, E.S. was the renter of a room at an extended-stay hotel.  Soteco was living with her in the room.  The front desk clerk received several calls from E.S.'s room.  When the clerk answered, she could hear

---

[1] After being found guilty, Soteco stipulated to a prior domestic-abuse-assault conviction, causing him to be adjudicated guilty of and being sentenced for domestic abuse assault, second offense, an aggravated misdemeanor.  *See* Iowa Code § 708.2A(1), 708.2A(3)(b) (2019).

faint noises in the room, but the caller would hang up without saying anything. The clerk also received calls reporting yelling and stomping in E.S.'s room. The clerk went to check on E.S.'s room and its occupants, taking the hotel maintenance technician with her. Soteco answered the door. The maintenance technician and clerk told Soteco if the hotel received another report of a disturbance, the authorities would be called. As the clerk walked away from the room, she heard a female voice, later determined to be that of E.S., yelling "please don't hurt me" and "please don't hit me anymore." The clerk called the police.

Police arrived to find E.S. in the room. She appeared afraid and had a swollen and blackened eye and bruises. The first two officers on the scene were male, and E.S. informed them she was okay. When female officers arrived, E.S. eventually informed one of them that Soteco struck her in the eye during an argument. E.S. confirmed these details during her testimony at trial.

To convict Soteco of domestic abuse assault, the State had to prove Soteco committed "an assault, as defined in [Iowa Code] section 708.1, which is domestic abuse as defined in section" 236.2(2)(a), (b), (c), or (d). *See* Iowa Code § 708.2A(1). Under the State's theory of the case, establishing Soteco committed an assault required the State to prove Soteco, without justification, did "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." *See id.* § 708.1(2)(a).[2] Proving this theory of assault

---

[2] For brevity, we will refer to "[a]ny act which . . . cause[s] pain or injury to, or which . . . result[s] in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act" as "assaultive conduct."

requires the State to prove Soteco acted with specific intent. *See State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010) (holding that, despite legislative amendments declaring assault to be a general intent crime, the elements of the offense still require proof of specific intent). Soteco's sole challenge to his conviction is his claim the State failed to prove he had the specific intent to engage in assaultive conduct.

Soteco bases his claim on several pieces of evidence, much of which consists of or relies on his testimony. Soteco testified E.S. had a history of hitting herself and claiming Soteco did it. He also testified E.S. was heavily intoxicated on vodka and had taken excessive prescription medicine with it. He asserted she was so intoxicated that she fell down and ran into things several times over the prior day or so. He testified he was awakened from his sleep that night when E.S. climbed on top of him and began striking him, demanding to know where he hid the vodka bottle. Soteco testified that, to try to calm E.S. down, he agreed to give E.S. a couple of sips of vodka. When Soteco removed the vodka bottle from where he had hidden it to give E.S. a couple of sips, he testified E.S. tried to grab the bottle from him. Soteco tried to keep the bottle from her while E.S. grabbed Soteco. As the struggle ensued, Soteco testified E.S. let go of him, slipped, and fell to the floor, hitting her head, causing her swollen and blackened eye.

As Soteco points out, E.S. corroborated parts of his testimony. E.S. acknowledges being intoxicated and being fuzzy as to some details of the evening. However, she denied having any uncertainty about her testimony that Soteco struck her in the eye during an argument. She also acknowledged she may have

stumbled into something in her intoxicated condition, but she did not confirm Soteco's claims of her repeatedly falling down.

All of this evidence was presented to the district court as the fact finder. The district court sifted through the competing evidence and determined E.S.'s version of events to be more credible than Soteco's. That is the fact finder's job. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("[T]he very function of the jury is to sort out the evidence and 'place credibility where it belongs.'" (quoting *State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984))). Soteco's claim boils down to nothing more than rearguing his version and interpretation of events and asking us to do what the fact finder did not do, which is to resolve conflicts in the evidence in his favor. However, that is not our role in considering a challenge to the sufficiency of the evidence. In considering a challenge to the sufficiency of the evidence, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the [fact finder]." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)). We are required to affirm the district court's guilty finding so long as, when viewed in the light most favorable to the State, there is substantial evidence supporting it. *See Schiebout*, 944 N.W.2d at 670.

E.S.'s testimony alone is enough to sustain the guilty finding, but there is additional corroborating evidence. As the clerk left the room after warning Soteco about the noise, she heard E.S. begging and crying not to be beaten any more. After the police were summoned, E.S. was found to have a swollen and blackened eye. She was scared and clinging to the clerk for protection. These details, which

came from the testimony of disinterested witnesses, corroborate E.S.'s testimony that Soteco struck her in the eye during an argument and constitute substantial evidence supporting the district court's guilty finding. The fact Soteco testified to a different version of events and seeks to discredit E.S.'s testimony based on her intoxication does not change the outcome, because "the ultimate question is whether [the evidence] supports the finding actually made, not whether the evidence would support a different finding." *Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 393 (Iowa 2010) (quoting *Raper v. State*, 688 N.W.2d 29, 36 (Iowa 2004)).

Substantial evidence supports the district court's finding that Soteco had the specific intent to engage in assaultive conduct. As this is the only issue Soteco raises on appeal, we affirm the district court's finding of guilt and the corresponding adjudication and sentence.

**AFFIRMED.**