# IN THE SUPREME COURT OF IOWA

No. 34 / 04-0719

Filed August 4, 2006

**STATE OF IOWA**,

Appellee,

vs.

**ADAM DONALD MUSSER**,

Appellant.

---

Appeal from the Iowa District Court for Johnson County, L. Vern Robinson (motion to dismiss) and Robert E. Sosalla (trial), Judges.

Defendant appeals his conviction of criminal transmission of human immunodeficiency virus in violation of Iowa Code section 709C.1(1)(*a*) (2001). **AFFIRMED.**

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen Douglass, Assistant Attorney General, J. Patrick White, County Attorney, and Anne Lahey, Assistant County Attorney, for appellee.

**TERNUS, Justice.**

The defendant, Adam Donald Musser, appeals his conviction of criminal transmission of human immunodeficiency virus (HIV) in violation of Iowa Code section 709C.1(1)(*a*) (2001), challenging the sufficiency of the evidence to support the jury's guilty verdict. In addition, Musser claims the district court erred in overruling his motion to dismiss the case, in which he asserted section 709C.1(1) violates the First Amendment, is vague and overbroad, and infringes his right of privacy.[1] Musser also challenged the twenty-five-year sentence provided for this offense, contending it constitutes cruel and unusual punishment. In addition to urging these constitutional claims on appeal, the defendant asserts the trial court erred in admitting laboratory reports showing his HIV-positive status because the reports lacked a proper foundation and contained inadmissible hearsay. Finally, the defendant raises a claim of ineffective assistance of counsel based on trial counsel's failure to object to the admission of the lab reports as a Confrontation Clause violation and failure to request an instruction on the affirmative defense of consent set out in section 709C.1(5).

With the exception of the insufficiency-of-the-evidence claim and the ineffective-assistance-of-counsel claim based on counsel's failure to request an instruction on consent, we have resolved all issues raised in this appeal adversely to the defendant in another decision we file today, *State v. Musser*, 721 N.W.2d 734 (Iowa 2006), involving the same defendant. We will rely on our opinion in that case to dispose of the common claims made here. As for

---

[1]On appeal, Musser also asserts section 709C.1 violates the Equal Protection Clause and his right to procedural due process. We do not address these claims, however, because the defendant failed to raise these issues in the district court. *See State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal.").

the two remaining issues, we find they have no merit. Therefore, we affirm the judgment of conviction and sentence entered in this case.

I. *Sufficiency of the Evidence.*

A. *Scope of review.* We review a challenge to the sufficiency of the evidence for correction of errors of law. *See State v. Corsi*, 686 N.W.2d 215, 218 (Iowa 2004). " 'Evidence is substantial if it could convince a rational jury of the defendant's guilt beyond a reasonable doubt.' " *Id.* (citation omitted). "In assessing the sufficiency of the evidence, we consider all the evidence in the record, but we view the record in the light most favorable to the State." *Id.*

B. *Evidence at trial.* S.S., the victim in this case, testified she met the defendant on April 4, 2002, at the home of a mutual friend, Jason Beranek. Late in the evening, she and Musser went to a bedroom in the home and began to have sexual contact. S.S. stated neither she nor Musser had a condom, so she asked Musser whether he "ha[d] anything," meaning sexually transmitted diseases (STDs). According to S.S., the defendant assured her he did not. The couple proceeded to have unprotected sexual intercourse. S.S. testified she did not know whether the defendant ejaculated. Later that night, when Jason asked S.S. whether she and the defendant had "do[ne] anything," she said "no" because she was embarrassed.

A few days later the defendant visited S.S. at her residence, and they again had unprotected sexual intercourse. On this occasion, there was no discussion of STDs.

S.S. was subsequently told by Jason's cousin, Matt, that Musser was HIV positive. At first, the defendant led the victim to believe that this information was not correct, but eventually he left messages on the victim's answering machine that he felt bad for what he had done and he felt

suicidal about it.  S.S. subsequently reported what had happened to the police.

An officer who investigated the victim's report testified that she interviewed the defendant, who admitted he was HIV positive and was taking medication for the condition.  Musser told the officer he did not have sexual relations with S.S., but said he had used drugs with her at Jason's home on April 4.

Jason Beranek also testified at trial.  He said Musser told him in 2001 that he—Musser—was HIV positive.  Jason denied there was any drug usage at his home on April 4, 2002.  Jason's cousin, Matt, testified that when he told S.S. of the defendant's positive HIV status, she was "stunned."

The director of Johnson County Public Health testified that a common way to transmit HIV is through sexual intercourse.  He also said it is possible the virus will be transmitted during sexual intercourse even though the male does not ejaculate.

The state epidemiologist, Randy Mayer, identified two reports held by his department that showed the defendant had tested positive for HIV on two separate occasions in July 2000.

The defendant called as a witness an advanced registered nurse practitioner who had worked with the defendant since his diagnosis.  She testified that as part of Musser's education program, he would have been instructed on the importance of disclosure to sexual partners and on safe sex.  This witness said condoms, used correctly and consistently, are 95 to 99 percent, but not 100 percent, effective in preventing transmission of the virus.

Musser also testified.  He acknowledged that he learned in 2000 that he was HIV positive.  He claimed that on the night of April 4, 2002, he and the victim smoked marijuana and methamphetamine together.  Later, they

had sexual intercourse, but he asserted he told her of his HIV status first. He also testified that they used a condom every time they had sexual contact.

C. *Discussion.* The defendant claims the trial court erred in failing to grant his motion for judgment of acquittal because there was insufficient evidence that he had "intimate contact" with the victim. We start our analysis with the relevant statutory provisions that were embodied in the court's instructions to the jury.

Iowa Code section 709C.1(1)(*a*) provides:

> A person commits criminal transmission of the human immunodeficiency virus if the person, knowing that the person's human immunodeficiency virus status is positive, does any of the following:
> *a.* Engages in intimate contact with another person.

Iowa Code § 709C.1(1)(*a*). Chapter 709C defines "intimate contact" as "the intentional exposure of the body of one person to a bodily fluid of another person in a manner that could result in the transmission of the human immunodeficiency virus." *Id.* § 709C.1(2)(*b*). The defendant claims the State failed to prove he exposed the victim to bodily fluid in a manner that could result in the transmission of HIV for two reasons: (1) he testified he always wore a condom when he had sex with the victim; and (2) the victim could not say whether he ejaculated.

Musser's testimony that he always wore a condom was directly controverted by the victim's testimony that he did not use condoms. This factual dispute was for the jury to resolve:

> "It is not the province of the court, in determining [a] motion [for judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury."

*State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (citation omitted); *see also State v. Laffey*, 600 N.W.2d 57, 60 (Iowa 1999) (stating "credibility was for the jury to decide"). The jury could have found, based on the victim's testimony, that the defendant did not use a condom when engaging in sexual intercourse with the victim, thereby exposing her to infectious bodily fluid. Therefore, the trial court correctly refused to grant a judgment of acquittal on the assumption the jury would believe the defendant's testimony that he wore a condom.

In a related argument, the defendant contends there was no proof he ejaculated during intercourse with S.S. Even though the victim testified she was not certain the defendant ejaculated, this testimony would not establish the absence of "intimate contact" as defined by the statute. The public health director testified it is possible to transmit HIV during intercourse even when the man does not ejaculate. This testimony was undisputed at trial. The defendant cites in his brief to purportedly contrary testimony introduced at a hearing on his motion to dismiss. He cannot rely on that testimony, however, because it was not presented to the jury. The defendant's challenge to the sufficiency of the evidence is without merit.

II. *Ineffective-Assistance-of-Counsel Claim.*

To establish a claim of ineffective assistance of counsel, the defendant must show: (1) trial counsel failed to perform an essential duty; and (2) prejudice resulted from this failure. *State v. Scalise*, 660 N.W.2d 58, 61 (Iowa 2003). To prove prejudice, the defendant "must show that the outcome of the trial would have been different." *Id.*

The defendant faults his trial counsel for failing to request an instruction on the affirmative defense of consent set out in section 709C.1(5). That section states it is "an affirmative defense" that the victim knew the defendant was HIV positive, knew that exposure could transmit

the virus, and "consented to the action of exposure with that knowledge." Iowa Code § 709C.1(5). The defendant contends his testimony that he told the victim of his HIV status prior to their first sexual encounter warranted an instruction on the consent defense.

"Parties are entitled to have their legal theories submitted to a jury if they are supported by the pleadings and substantial evidence in the record." *Beyer v. Todd*, 601 N.W.2d 35, 38 (Iowa 1999). A trial court need not give a requested instruction, however, if the subject is already covered in the court's own instructions. *See State v. Lindsey*, 302 N.W.2d 98, 102 (Iowa 1981); *State v. Freeman*, 267 N.W.2d 69, 70 (Iowa 1978).

The marshalling instruction given by the court at trial included as an element: "At the time of the intimate contact, [the victim] did not know that the defendant had a positive human immunodeficiency virus status." The instruction further told the jury that "[i]f the State has failed to prove any one of the elements, the defendant is not guilty." Clearly, the court's marshalling instruction embodied one aspect of the consent defense.[2] In fact, the court's instruction was more favorable to the defendant than the instruction the defendant now claims his counsel should have requested because under the court's instruction the burden was on the State to disprove the victim's knowledge of the defendant's HIV status rather than on the defendant to prove the victim knew.

In any event, in order to find the defendant guilty under the court's instruction, the jury had to find that the victim did not know the defendant was HIV positive at the time they engaged in sexual intercourse. Therefore,

---

[2] The State argues "[t]rial counsel did not breach an essential duty by failing to request an affirmative defense instruction because the 'consent' defense is embodied in the marshalling instruction as given to the jury." We cannot agree. Only one element of the consent defense was included in the court's marshalling instruction. Nonetheless, as we discuss in our opinion, any difference between the court's instructions and those now preferred by the defendant on appeal did not work to the defendant's disadvantage.

even if counsel had requested and obtained an instruction on the affirmative defense of consent, the defendant would not have been successful on this defense because the jury did not believe his testimony that he told S.S. of his positive HIV condition. Consequently, we cannot say the outcome of the trial would have been different had the court given a separate instruction on consent as an affirmative defense. Therefore, the defendant cannot prove prejudice, and his claim of ineffective assistance of counsel has no merit as a matter of law.

Finding no basis for reversal, we affirm the defendant's conviction and sentence.

**AFFIRMED.**