# IN THE COURT OF APPEALS OF IOWA

No. 16-0771
Filed December 21, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RANDY CRAWFORD,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

Randy Crawford challenges the sufficiency of the evidence supporting his conviction for possession of a controlled substance. **AFFIRMED.**

Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Randy Crawford challenges the sufficiency of the evidence supporting his conviction for possession of a controlled substance. Because there is sufficient evidence to support a finding Crawford possessed the marijuana, we affirm his conviction.

On November 1, 2015, a police officer walking to his squad car observed something fall from a passing car. The car stopped, and a male passenger in the back passenger seat, Crawford, was hanging out the window and looking down. Crawford opened the door, got out, went back, and retrieved the item that dropped in the cross-walk. The officer saw the item was a small plastic baggie with a knot in it. The officer asked, "What do you have there?" Crawford took off running, and the officer gave chase. The officer caught up with Crawford when Crawford's pants fell down around his knees and he tripped and fell. As Crawford fell, he dropped the baggie. The baggie contained a few grams of marijuana.

The State charged Crawford with possession of marijuana, first offense, in violation of Iowa Code section 124.401(5) (2015). The case went to trial. Crawford's motions for judgment of acquittal challenging the sufficiency of the evidence were denied by the district court. A jury found Crawford guilty of the offense. Crawford appeals and raises the same challenges to the sufficiency of the evidence as he did at trial.

We review challenges to the sufficiency of the evidence to support a conviction for the correction of errors at law. *See State v. Alvarado*, 875 N.W.2d 713, 715 (Iowa 2016). The evidence is viewed in the light most favorable to the

State to determine whether, viewing the evidence as a whole, a reasonable person could find the defendant guilty beyond a reasonable doubt. *See id.* The verdict will be upheld if supported by substantial evidence. *See State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). Evidence is substantial if it could convince a rational fact finder the defendant is guilty beyond a reasonable doubt. *See id.* Evidence is not substantial if it only raises suspicion or speculation as to the defendant's guilt. *See id.*

"When the State charges a person with possession, the State must prove the person exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008). Crawford contends the evidence is insufficient to show he had actual possession of the marijuana—arguing the case at bar as a constructive possession case. He also argues he did not know that the plastic baggie contained marijuana.

This is not a constructive possession case. Reviewing the evidence in the light most favorable to the State, a reasonable jury could conclude Crawford had actual possession of the marijuana. The officer testified that Crawford picked up the baggie and attempted to flee with it in his hand. Crawford disputes the officer's rendition of the facts. In reaching its verdict, the jury made its own determination of whether the officer's testimony was credible. *See State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006). "The jury [was] free to believe or disbelieve any testimony as it [chose] and to give weight to the evidence as in its judgment such evidence should receive." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). "The very function of the jury is to sort out the evidence

presented and place credibility where it belongs." *State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984); *see also State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) ("It is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury."). In any event, Crawford admitted at trial that he picked up the bag from the cross-walk and cupped it.

A reasonable jury could also conclude Crawford knew the baggie contained marijuana. Crawford testified at trial that he knew the baggie contained marijuana after he picked it up and cupped it. Furthermore, he testified that after he was arrested and at the police station, he made a statement to law enforcement:

> Yeah, I told dude, I said, man, I didn't mean to be—you know what I'm saying, to evade you all. I said, I didn't mean to—you know what I'm saying, to run. I said, but I just seen the weed—the marijuana on the ground, man. I said, you know what I'm saying? It wasn't mine.

On cross-examination, Crawford was asked: "Now, you said that you saw this baggie laying on the ground, and you told us that it was marijuana, right?" Crawford responded, "Right." Crawford admitted he picked up the baggie, put it in his hand, and then ran from the police. He claimed that he dropped the baggie "because the police was right there so, you know, when I picked it up and I looked it, and I dropped it. I'm like, uh-huh, because I didn't want to have it."

We conclude sufficient evidence supports the jury verdict finding Crawford guilty of possession of marijuana. We therefore affirm his conviction and sentence.

**AFFIRMED.**