# IN THE COURT OF APPEALS OF IOWA

No. 16-1170
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYDER LEE SISCO,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Jackson County, Nancy S. Tabor, Judge.

A defendant appeals his convictions for kidnapping in the first degree and domestic abuse assault, challenging the sufficiency of the evidence and claiming ineffective assistance of counsel. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ. Tabor, J., takes no part.

**BOWER, Judge.**

Ryder Lee Sisco appeals his conviction for kidnapping in the first degree and domestic abuse assault.[1] *See* Iowa Code §§ 708.2A(2)(d), 710.1(3) (2015). Sisco claims the evidence was insufficient to convict him of first-degree kidnapping. Sisco also claims trial counsel was ineffective in failing to object to the jury instructions defining kidnapping in the first degree. We affirm.

## I. Background Facts and Proceedings

On April 15, 2015, Sisco and his girlfriend D.R. went on a walk. Sisco rode home on his motorbike, while D.R. drove home in a car. During the ride home, Sisco crashed his motorbike, but he was able to drive it the rest of the way. D.R. did not see the crash and did not stop. When she arrived back to the trailer they shared, Sisco was visibly angry. When D.R. got out of the car, Sisco yelled at her and slammed the door of the trailer. Sisco then pulled D.R. into the trailer. A neighbor saw the altercation and called the police when he heard D.R. screaming.

After Sisco pulled D.R. into the trailer, he ordered her to get undressed. D.R. refused, and Sisco got on top of her and began punching and slapping her. Sisco then stretched D.R.'s right leg past her head until she "could hear it cracking." D.R. then convinced Sisco to let her bandage his injury from the crash. After D.R. bandaged Sisco, he again ordered her to get undressed. She did and testified she "knew bad things would happen" if she didn't. Sisco then told her to go into the bedroom and lay down, and she complied. Sisco began to

---

[1] Notice of appeal was given on the domestic abuse conviction, but no argument was presented by counsel.

strangle D.R. with a tank top.  D.R. testified that she could feel a tingling in her body and "was just gonna let go."

While he strangled D.R., Sisco yelled at her saying he was "[t]ired of your mouth.  Why do you have to be such a bitch?  You're going to start listening to me.  You're going to do what I want, how many times I want it, wherever I want it."  Sisco also stated, "I'm the meanest boyfriend you ever had.  I'm gonna show you."  As he was choking D.R. with the tank top, he proceeded to forcibly anally penetrate her.  Sisco released the tank top briefly and asked, "Do you understand me?"  D.R., while trying to catch her breath, said "Yes."  Sisco said, "I don't fucking believe you," and resumed strangling D.R.

Law enforcement responded to the scene and knocked on the door.  Sisco ignored the knock, but after the knocking continued he ordered D.R. to get dressed and "be quiet and don't say anything."  Sisco informed the police they could not come in, but eventually allowed D.R. to go outside.  D.R. informed the police of what happened, and the police took Sisco into custody.  D.R. was then transported to the police station and the hospital.

A five-day jury trial was held, and the jury convicted Sisco of one count of kidnapping in the first degree and one count of domestic abuse assault.  At trial two experts testified about the nature of D.R.'s injuries.  Dr. David Posey, who testified for the defense, did not believe the victim's injuries matched her description of events and claimed they did not create a substantial risk of death.  The State called Dr. Dennis Klein, who testified the injuries were consistent with D.R.'s account and the injuries were life-threating.

## II. Standard of Review

"On the issue of sufficiency of the evidence, we review claims for correction of errors at law." *State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015). The test for whether the evidence is sufficient is whether the evidence is "substantial." *State v. Musser*, 721 N.W.2d 758, 760 (Iowa 2006). "Substantial evidence" is evidence that could lead a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Robinson,* 859 N.W.2d at 467. On appeal, we look at all the evidence as a whole and view it in the light most favorable to the State. *Id.*

We review claims of ineffective assistance of counsel de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice," and each element must be proven by a preponderance of the evidence. *Id*. at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id*. "Representation by counsel is presumed competent, and a postconviction applicant has the burden to prove by a preponderance of the evidence that counsel was ineffective." *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991). Regarding prejudice, "the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 669 (1984).

## III. Sufficiency of the Evidence

Sisco claims that the evidence was insufficient to support a conviction for first-degree kidnapping. At trial, the State was required to prove the following elements:

> 1. On or about the 15th day of April 2015, the defendant confined [D.R.] or removed [D.R.] from outside to inside the home.
> 2. The defendant did so with the specific intent to:
>    a. Subject [D.R.] to sexual abuse or
>    b. Inflct serious injury on [D.R.]
> 3. The defendant knew that he did not have the consent of [D.R.] to do so.
> 4. As a result of the confinement or removal, [D.R.] was sexually abused or seriously injured.

Sisco claims the State failed to prove D.R. suffered a serious injury. The jury received instructions regarding "serious injury," "substantial risk of death," and "bodily injury." Specifically:

> A serious injury is defined as a bodily injury which does any of the following:
> 1. Creates a substantial risk of death; or
> 2. Causes serious permanent disfigurement; or
> 3. Causes protracted loss or impairment of the function of any body part or organ.

See Iowa Code § 702.18(1)(B) (defining serious injury).

The district court also instructed:

> Substantial risk of death means more than any risk of death but does not mean that death is likely. If there is a real hazard or danger of death, serious injury is established.

The instructions also defined bodily injury as "physical pain, illness or any impairment of physical condition." Both Sisco and the State presented evidence on whether the strangulation created a substantial risk of death. Dr. Posey testified for Sisco, saying that the injuries did not create a substantial risk of

death. However, Dr. Klein, on behalf of the State, testified the strangulation could have been life threatening. We must review the evidence in the light most favorable to the State. *State v. Shanahan*, 712 N.W.2d 121, 134 (Iowa 2006). The findings of the jury are to be broadly and liberally construed. *State v. Price*, 365 N.W.2d 632, 633 (Iowa Ct. App. 1985).

We have previously held strangulation creates a substantial risk of death. *See State v. Ronnau,* No. 14-0787, 2016 WL 351314, at *7 (Iowa Ct. App. Jan. 27, 2016). In *Ronnau,* the defendant argued that "although the act of strangulation created a substantial risk of death, [the victim] did not suffer a specific bodily injury that created such risk." *Id.* This court found the act of blocking the victim's airway until she momentarily lost consciousness created a substantial risk of death. *Id.*

Viewing the evidence in the light most favorable to the State, we determine substantial evidence existed for the jury to find that Sisco's strangulation of D.R. created a substantial risk of death. The State's expert provided testimony indicating the strangulation, to the point D.R. was unable to breathe and wanted to "just let go," created a substantial risk of death and a serious injury. Accordingly, we will not disturb the jury's verdict.

## IV. Ineffective Assistance of Counsel

Sisco claims his counsel was ineffective as they failed to object to the marshalling instruction for kidnapping in the first degree. While generally preserved for postconviction-relief proceedings, a claim of ineffective assistance of counsel may be raised and decided on direct appeal when the record is adequate to address the claim. *See* Iowa Code § 814.7(2), (3).

Here, the record is adequate. Sisco claims counsel should have objected to the marshalling instruction, which provided:

Count 1: Kidnapping in the First Degree. The State must prove all of the following elements of Kidnapping in The First Degree:
    1.    On or about the 15th day of April, 2015, the defendant confined [D.R.] or removed [D.R.] from outside to inside the home.
    2.    The defendant did so with the specific intent to:
    a. Subject [D.R.] to sexual abuse or
    b. Inflict serious injury on [D.R.]
    3.    The defendant knew he did not have the consent of [D.R.] to do so.
    4.    As a result of the confinement or removal, [D.R.] was sexually abused or suffered serious injury.
    If the State has proved all of the elements, the defendant is guilty of Kidnapping in the First Degree.

Sisco specifically disagrees with the phrase, "As a result of the confinement or removal, D.R. was sexually abused or suffered serious injury." Sisco claims instead it should have read, "As a consequence of the kidnapping . . . ," to mirror the language that is used in Iowa Code section 710.2. Section 710.2 states, "Kidnapping is kidnapping in the first degree when the person kidnapped, as a consequence of the kidnapping, suffers serious injury, or is intentionally subjected to torture or sexual abuse."

Sisco's claim is that "confinement or removal" is not enough to establish kidnapping, because it must be accompanied by a specific intent to inflict serious injury or commit sexual abuse. However, "In evaluating [jury instructions], we must read all of the instructions together, not piecemeal or in artificial isolation." *State v. Bennett*, 503 N.W.2d 42, 45 (Iowa Ct. App. 1993).

We recently addressed this issue in *Ronnau*, 2016 WL 351314 at *6. Our court found the phrase, "as a result of the confinement or removal," and the statutory language, "consequence of kidnapping," were effectively identical when

read in the context of the other jury instructions and therefore, trial counsel's failure to object did not amount to ineffective assistance of counsel, because the statement, "as a result of confinement or removal," clearly referred to the defendant's kidnapping of the victim. *Id.*; *see also Houk v. State*, No. 15-1976, 2017 WL 514402, at *3 (Iowa Ct. App. Feb. 8, 2017) (finding the defendant was not prejudiced by the identical kidnapping instruction, because "the instructions as a whole properly conveyed the elements of the crime"). Sisco's claim mirrors Ronnau's claim, and when reading the instruction here with the instruction for confinement or removal, it is clear the marshalling instruction correctly conveyed the law and elements of first-degree kidnapping.

Even assuming Sisco's trial counsel had a duty to object to the challenged instruction, we cannot find Sisco suffered prejudice as a result. Based on the overwhelming and uncontested evidence showing Sisco removed D.R. from outside of the residence and confined her inside without her consent, and Sisco intentionally subjected her to sexual abuse and serious injury, we find no reasonable probability that there would have been a different outcome had counsel objected to the marshalling instruction.

Therefore, upon our de novo review of the record, we affirm Sisco's conviction for kidnapping in the first degree and find no ineffective assistance of counsel.

**AFFIRMED.**