# IN THE COURT OF APPEALS OF IOWA

No. 20-1466
Filed November 23, 2021

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**CEERON TEARRENCE WILLIAMS,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.

       Ceeron Williams challenges the sufficiency of the evidence supporting his

criminal convictions.  **AFFIRMED.**

       Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.

       Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

Ceeron Williams challenges the sufficiency of the evidence supporting his convictions of assault with intent to inflict serious injury, intimidation with a dangerous weapon with intent to injure or provoke, and willful injury causing serious injury.[1] He argues the evidence was insufficient to prove he was the shooter in the incident resulting in his convictions, highlighting the impairment of the witnesses to the crime and the alleged depletion of their recollections over the passage of time.

Challenges to the sufficiency of the evidence are reviewed for corrections of errors at law. *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019). The court views "the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)). All evidence is considered, not just that of an inculpatory nature. *See Huser*, 894 N.W.2d at 490. "[W]e will uphold a verdict if substantial evidence supports it." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)). "Evidence is substantial if, 'when viewed in the light most favorable to the State, it can convince a rational [fact finder] that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *Ramirez*, 895 N.W.2d at 890). Evidence is not rendered insubstantial merely because it might support a different conclusion; the only question is whether the evidence supports the finding actually made. *See Brokaw v. Winfield-Mt. Union Cmty. Sch.*

---

[1] The district court merged count one into count three.

*Dist.*, 788 N.W.2d 386, 393 (Iowa 2010). In considering a sufficiency-of-the-evidence challenge, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the [fact finder]." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

On our review, we agree with the State that the video and investigatory evidence, together with eyewitness testimony, when viewed in the light most favorable to the State, as it must be, was sufficient to allow a rational jury to conclude Williams was the culprit. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (b), (c), and (e).

**AFFIRMED.**