# IN THE COURT OF APPEALS OF IOWA

No. 20-1739
Filed January 12, 2022


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ABRAHAM RIKO,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.


        Abraham Riko appeals his criminal conviction, challenging the sufficiency of the evidence. **AFFIRMED.**


        Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.


        Considered by Greer, P.J., Badding, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCOTT, Senior Judge.**

Abraham Riko appeals his conviction of third-degree burglary, challenging the sufficiency of the evidence supporting his conviction.[1]

## I.  Background

The evidence presented at trial discloses the following pertinent facts.  The victim left his home at around 12:00 p.m. on July 11, 2019, and he did not return until around 10:00 p.m.  When he returned and entered the home, he observed "some things were upset, turned upside down, and apparently someone was in there, broke in."  He called 911.[2]

Officer Noah Bollinger of the Des Moines Police Department was dispatched to the residence.  Upon arrival, Bollinger observed the living room of the home to be in disarray—"a bunch of drawers thrown out and all the contents were dumped out over the floor, and the entire living room was basically just torn apart."  A neighbor reported to Bollinger that he previously observed a white female in a black hoodie in the vicinity of the home.  The items ultimately missing from his home included an antique shotgun, a silver bangle, jewelry, and a change jar, none of which were ever recovered.

---

[1] Riko was charged in two separate criminal cases with various crimes, which culminated in three convictions—third-degree burglary as a habitual offender in the first case, and second-degree robbery and willful injury causing serious injury in the second.  Sentencing was considered in the separate cases at the same hearing, and appeal was taken following the imposition of each sentence.  While his sole brief point argues his "conviction of robbery in the third degree"—which he was not convicted of in either case—"should be reversed, as insufficient evidence supported [he] had the intent to commit theft," he later limits his challenge to his conviction in the first case, third-degree burglary.

[2] An audio recording of the 911 call was admitted as evidence and played for the jury.

A crime scene technician arrived to process the scene, and "saw multiple areas of disturbance within both upstairs and downstairs of the rooms." Photographs of the home that were admitted as evidence show several areas of the home were rummaged through. The technician processed the upstairs bedrooms, bathroom, and hallway for latent fingerprints, and she lifted one fingerprint in the bathroom and then a second print on a dresser drawer, the one in the bathroom ultimately belonging to the victim. A crime scene investigator also arrived on the scene and processed the first floor of the home, where he lifted eight fingerprints.

Another crime scene investigator subsequently analyzed the ten fingerprints lifted at the scene. The quality of five of the prints were insufficient, but she entered the remaining five into the Automatic Biometric Information System (ABIS). Of those five, ABIS found matches for four, but one was either unmatched or the quality of the print was insufficient to return a match. One print matched the victim, and the remaining three prints matched Riko, two lifted from a box to a power adapter and one from a manual to a streaming device. The photographic evidence presented to the jury shows those items were located near a television console that was rummaged through. The victim testified the photograph depicting the items containing Riko's fingerprints were in an area he specifically pointed out to scene processors as disturbed by someone. Based on the photograph and other evidence presented, a rational jury could conclude these items were removed from the console's ajar cabinet or drawer and combed through for items of value.

In relation to the foregoing, Riko was charged by trial information with third-degree burglary as a habitual offender. An amended trial information added charges of felon in possession of a firearm and trafficking stolen weapons, both as a habitual offender. Following the State's case-in-chief at trial, Riko moved for judgment of acquittal, arguing, among other things, the State presented insufficient evidence to show he specifically intended to commit a theft as to the burglary charge. The court denied the motion, finding sufficient circumstantial evidence was presented to submit the issue to the jury. The court denied a renewed motion after the defense rested without presenting evidence. The jury found Riko guilty of third-degree burglary but not guilty on the remaining charges.

Riko appealed following the imposition of sentence.

## II. Standard of Review

Challenges to the sufficiency of the evidence are reviewed for corrections of errors at law. *State v. Albright*, 925 N.W.2d 144, 152 (Iowa 2019). The court views "the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)). All evidence is considered, not just that of an inculpatory nature. *See Huser*, 894 N.W.2d at 490. "[W]e will uphold a verdict if substantial evidence supports it." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)). "Evidence is substantial if, 'when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *Ramirez*, 895 N.W.2d at 890). Evidence is not rendered insubstantial merely because it might

support a different conclusion; the only question is whether the evidence supports the finding actually made. *See State v. Jones*, ___ N.W.2d ___, ___, 2021 WL 5751464, at *1 (Iowa 2021). In considering a sufficiency-of-the-evidence challenge, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

### III.    Analysis

The propriety of the jury instructions are not challenged, so they serve as the law of the case for purposes of reviewing the sufficiency of the evidence. *See State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018). Riko agrees the State provided sufficient evidence to support the first three elements of the crime of third-degree burglary: (1) he broke into a home, (2) the residence was an occupied structure, and (3) he did so without authority or permission. He challenges the sufficiency of the evidence supporting the fourth element, that he "did so with the specific intent to commit a theft." He submits "[t]he State merely proved [he] was present at the scene of the crime at some point in time through the match of his fingerprints," which he argues is insufficient to show he specifically intended to commit a theft. Riko generally highlights evidence of "a suspicious white female in the neighborhood," the lack of forced entry, the assumption that "there could [have been] people in the residence [who] did not leave identifiable fingerprints," the lack of an eyewitness, the presence of an unidentified fingerprint in the home,

and the absence of fingerprints in the vicinity of where pilfered items were situated before the crime.

"'While . . . mere presence at the scene ordinarily is not a sufficient corroborative circumstance from which to infer guilt,' substantial evidence of guilt can exist when presence is considered with other evidence." *State v. Ernst*, 954 N.W.2d 50, 55 (Iowa 2021) (quoting *State v. Schrier*, 300 N.W.2d 305, 309 (Iowa 1981)). Undisputed are the facts that Riko entered the occupied residence without authority or permission, several areas of the home were ransacked, personal property was taken, and Riko's fingerprints were found on items that were disturbed during the burglary. Upon the evidence presented, the jury could rationally conclude the ransacking of the home was a forage for items of value, and the presence of Riko's fingerprints on items disturbed during the search provided the jury with a sufficient basis to legitimately infer that Riko was the culprit and acted with the specific intent to commit a theft of items of value he found. Viewing the evidence in the light most favorable to the State, including all reasonable inferences, as we must, we find sufficient evidence to support the conviction of third-degree burglary and affirm.

**AFFIRMED.**