# IN THE COURT OF APPEALS OF IOWA

No. 21-0620
Filed June 29, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ISAIAH STEIDE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.

        Isaiah Steide appeals his convictions for dominion and control of a firearm

by a felon and trafficking in a stolen weapon. **AFFIRMED IN PART, VACATED IN**

**PART, AND REMANDED.**

        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

        Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Isaiah Steide appeals his convictions for dominion and control of a firearm by a felon and trafficking in a stolen weapon. He argues the evidence is insufficient to support both charges.

**I.     Background Facts and Proceedings.**

Early in the morning of September 3, 2020, multiple Des Moines Police Department officers were surveilling a hotel in Des Moines where they suspected illegal activity was occurring. The officers observed a four-door car leave the hotel, and they initiated a traffic stop due to an equipment violation. There were three people in the car: C.T., the driver; H.D., the front-seat passenger; and Steide, the back-seat passenger. Steide gave a false name to the officers, but they knew his real identity at the time of the stop. During a search of the car, one officer located a handgun wrapped in a blanket on the front-passenger-seat floorboard. The officers determined the handgun was reported stolen from Texas. Steide was arrested and charged with firearm offenses. After a bench trial, he was convicted of dominion and control over a firearm by a felon[1] and trafficking a stolen weapon.[2] The court sentenced Steide to terms of incarceration not to exceed five years on each count, run concurrently with each other. Steide appeals.

**II.     Standard of Review.**

Sufficiency-of-the-evidence claims are reviewed for correction of errors at law.[3] A jury's verdict binds us if it is supported by substantial evidence.[4] In a bench

---

[1] *See* Iowa Code § 724.26(1) (2020).
[2] *See* Iowa Code § 724.16A(1)(a).
[3] *State v. Cahill*, 972 N.W.2d 19, 27 (Iowa 2022).
[4] *State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2021).

trial, we review the district court's findings as we would a jury verdict, meaning we will affirm the verdict if it is supported by substantial evidence.[5] Evidence is substantial if it is sufficient to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt.[6] In assessing whether substantial evidence supports the verdict, we view the evidence in the light most favorable to the State, giving all legitimate inferences and presumptions that can be fairly and reasonably deduced from the record.[7]

## III.    Analysis.

We address Steide's challenge to each charge separately.

### A.    Dominion and Control of a Firearm by a Felon.

Iowa Code section 724.26 "requires proof that an adjudicated felon has a firearm 'knowingly . . . under the person's dominion and control or possession.'"[8] Steide stipulated that he was an adjudicated felon at the time of the traffic stop, so he limits his challenge to the sufficiency of the evidence proving he had dominion and control or possession of the handgun found in the car. The district court found Steide had constructive possession of the handgun, so we focus on constructive possession.

"Constructive possession exists when the evidence shows the defendant 'has knowledge of the presence of the [contraband] and has the authority or right

---

[5] *State v. Weaver*, 608 N.W.2d 797, 803 (Iowa 2000).
[6] *Mathis*, 971 N.W.2d at 516–17.
[7] *Mathis*, 971 N.W.2d at 517.
[8] *State v. Reed*, 875 N.W.2d 693, 708 (Iowa 2016) (alteration in original) (quoting Iowa Code § 724.26(1)).

to maintain control of it.'"[9] Factors for determining constructive possession include:

> (1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance.[10]

To establish constructive possession of contraband found in a vehicle, we may also consider:

> (1) was the contraband in plain view; (2) was it with the person's personal effects; (3) was it found on the same side of the car or immediately next to the person; (4) was the person the owner of the vehicle; and (5) was there suspicious activity by the person.[11]

There is evidence Steide possessed the handgun before the stop. C.T., the driver, testified at trial. H.D., the front passenger, did not testify, but her statements during the traffic stop were recorded by the officers' body cameras. The videos from those cameras were admitted at trial without objection. Those videos show that, during the traffic stop, H.D. told officers Steide had a handgun at the hotel earlier that night. Furthermore, while C.T. testified that she did not know about the handgun before officers discovered it in her car, she also testified that Steide told her not to stop for the police when they initiated the traffic stop. C.T. also testified that a "commotion" occurred between H.D. and Steide while she was pulling over in response to the officers' lights being activated, but she did not see what the commotion was. C.T. also testified that she owned the blanket, the blanket was in

---

[9] *Reed*, 875 N.W.2d at 705 (quoting *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008)) (discussing constructive possession of firearms and drugs).

[10] *Reed*, 875 N.W.2d at 706 (quoting *State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013)).

[11] *Maxwell*, 743 N.W.2d at 194.

the back seat when they left the hotel, and she didn't see the blanket get moved "but then somehow it got moved to the front seat while [she] was getting pulled over." While C.T. could not say how the blanket was moved, H.D. filled in the blanks. H.D. told officers Steide gave her the blanket and directed her to put the blanket in the front seat when the officers initiated the stop.

Steide bases his appeal largely on attacking the credibility of C.T. and H.D., asserting their statements are the result of police pressure. However, the district court found their statements credible and largely accepted the State's theory of the evidence, as it was entitled to do.[12] In considering a challenge to the sufficiency of the evidence, it is not our court's role "to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence," as such matters are for the fact finder.[13]

Piecing the evidence together and accepting it in the light most favorable to the State with all reasonable inferences, including giving weight to the district court's credibility findings, the record supports finding Steide possessed the handgun earlier in the night and he continued to possess the handgun in the car. When officers initiated the stop, Steide grabbed the blanket near him in the backseat, wrapped the handgun in the blanket, and gave the blanket to H.D. to place in front of her. Additionally, Steide directing C.T. not to stop for the officers and then giving a false name to the officers is additional evidence supporting the

---

[12] *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The [factfinder] is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive.").
[13] *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

conclusion that Steide possessed the firearm. The evidence is sufficient to establish Steide had constructive possession of the handgun at the time of the traffic stop. The district court focused on constructive possession, so we have as well, but we also note that the evidence is sufficient to establish that Steide also had actual possession of the handgun that night as he passed it to H.D.[14]

## B. Trafficking a Stolen Weapon.

To convict Steide of trafficking a stolen weapon, the State must prove he "knowingly transfer[red] or acquire[d] possession . . . of a stolen firearm."[15] We have previously held that "the record must show [the defendant] knew the firearm was stolen at the point of acquisition."[16] There is no evidence to establish how or when Steide acquired the handgun, making it difficult to evaluate his knowledge at the time of acquisition. Nevertheless, the State points to two types of evidence that it claims show Steide knew the handgun was stolen.

First, the State points to the evidence that Steide tried to hide his connection to the handgun. This evidence consists of a social media video in which Steide is seen wearing a glove while handling a handgun that the State contends is the handgun at issue in this case, and Steide hiding the handgun in a blanket and passing it to the front seat during the traffic stop. This evidence may support finding Steide was guilty of something; indeed, as we noted earlier, Steide

---

[14] *See State v. Jones*, 967 N.W.2d 336, 341 (Iowa 2021) (clarifying that actual possession is established even though the defendant is "not 'caught red-handed and in physical possession at the time of the stop,'" so long as there is substantial evidence that the illegal item was on the defendant's person at one time (quoting *State v. Eubanks*, No. 13-0602, 2014 WL 2346793, at *3 (Iowa Ct. App. May 29, 2014))).

[15] Iowa Code § 724.16A(1).

[16] *State v. Trujillo*, No. 19-0686, 2020 WL 4499559, at *5 (Aug. 5, 2020).

distancing himself from the handgun during the stop supported his conviction under Iowa Code section 724.26 when viewed in context with other evidence supporting his conviction. But Steide's attempts to hide his connection to the handgun do not, by themselves, show he knew it was stolen.

Second, because Steide was a felon and unable to lawfully purchase a firearm, and because he attempted to hide his connection to the handgun, the State argues "it is a reasonable inference he knew the gun was stolen when he obtained it." While Steide illegally acquired the handgun under section 724.26, we do not agree this means he knew the firearm was stolen. We can speculate on too many options for a felon to acquire a non-stolen firearm. Assuming Steide's felon status means he *should know* any firearm he can acquire is likely stolen, this fact does not clear the bar of knowingly acquiring a stolen firearm.[17] Even taken together, we cannot find Steide's attempts to hide his connection to the firearm and his status as a felon are sufficient evidence to prove he "knowingly transfer[red] or acquire[d] possession . . . of a stolen firearm."[18] Therefore, we vacate his conviction and sentence for trafficking a stolen weapon and remand for entry of judgment of acquittal on that charge.

## IV.    Conclusion.

We find sufficient evidence to support Steide's conviction for dominion and control of a firearm by a felon. We find the evidence insufficient to prove Steide knowingly acquired a stolen firearm. Therefore, we affirm Steide's conviction and

---

[17] *See State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996) (defining "knowledge" as "a conscious awareness," and "knowingly" as "a knowledge of the existence of the facts constituting the crime" (citations omitted)).
[18] Iowa Code § 724.16A(1).

sentence for dominion and control of a firearm by a felon, and we vacate his conviction and sentence for trafficking a stolen weapon. We remand for entry of judgment of acquittal on the trafficking-a-stolen-weapon charge.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**