# IN THE COURT OF APPEALS OF IOWA

No. 23-0738
Filed August 21, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ISAIAH CECIL HAKEEM DUFFIELD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.

        Isaiah Duffield appeals his conviction for sexual abuse in the third degree

and the court's ruling on his motion for a new trial. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

        Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

After a jury found Isaiah Duffield guilty of sexual abuse in the third degree, Duffield moved for a new trial. He argued the verdict was contrary to the weight of the evidence. The district court verbally denied his motion during the sentencing hearing. Duffield appeals. He contends the evidence was insufficient to support his conviction and the district court applied the wrong standard in ruling on his motion for a new trial.

## I.     Sufficiency of the Evidence

The charge against Duffield stems from allegations that he performed a sex act on a sixteen-year-old girl against her will. Duffield claims the evidence was insufficient to support his conviction for sexual abuse in the third degree because the girl's testimony was contradicted by her prior statements and by other evidence presented at trial.

We review claims of insufficient evidence for correction of errors at law. *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). "We will uphold a jury's verdict if it is supported by substantial evidence." *Id.* There is substantial evidence if it could convince a rational fact finder of the defendant's guilt beyond a reasonable doubt. *Id.* We "view the 'evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record.'" *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)).

The marshaling instruction to the jury required the State to prove two elements: (1) Duffield performed a sex act with the alleged victim; and (2) the act was done by force or against the will of the alleged victim. As Duffield made no challenge to that instruction, it became the law of the case for purposes of

reviewing the sufficiency of the evidence on appeal. *See State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020). Duffield does not challenge the jury's finding that he performed a sex act on the alleged victim. He limits his challenge to the jury's finding that the sex act was done by force or against the girl's will. In short, Duffield claims the sex act was consensual.

We begin by reciting the settled principle that it is the province of the jury to evaluate the evidence and determine whether a witness is credible. *State v. Mathis*, 971 N.W.2d 514, 519 (Iowa 2022). When reviewing for sufficiency of the evidence, it is not the appellate court's role to decide that a witness's testimony is untruthful. *Id.*

From our review of the record, we conclude substantial evidence exists to support the jury's determination that Duffield performed a sex act on the girl against her will. Viewing the evidence in the light most favorable to the guilty verdict, reasonable jurors could have found the following facts. The girl arrived at a New Year's Eve party at the home of a friend. Duffield also attended the party. While at the party, the girl interacted with Duffield multiple times. At midnight, the two kissed. Later that night, a drunk Duffield asked her for help in the bathroom. When the party wound down, some partygoers left while others, including the girl and Duffield, prepared to spend the night. The girl got settled in the host's bed. Later, Duffield entered the bedroom uninvited and got into the bed with her. Duffield was naked when he got into bed. When the girl sat up to get out of bed, Duffield grabbed her arms and prevented her from doing so. Duffield got on top of her, pulled her pants and underwear off, and covered her mouth when she tried to yell. Duffield then forced his penis into her vagina. Duffield eventually stopped

penetrating the girl's vagina, released her, and went to sleep. The girl got up and went to the living room, where she spent the rest of the night. She did not tell anyone at the party what happened, and the party's host testified that the girl did not seem upset that morning. The girl went home later that morning. Over the ensuing few days, her mother noticed that the girl was unusually quiet. Four days after returning to school from the winter break, the girl disclosed the sexual abuse to her school principal, who testified that the girl was visibly upset as she discussed the assault. The ensuing investigation showed that Duffield admitted to a friend and the police that the sex act occurred.

As noted, Duffield challenges only whether the sex act was consensual. He highlights discrepancies in the victim's testimony and evidence that he contends is inconsistent with sexual abuse having occurred. Duffield's argument is essentially that the evidence he highlights would support a different verdict. But our role in addressing a sufficiency-of-the-evidence challenge is to determine whether the evidence supports the finding actually made, not whether it would support an alternative finding. *State v. Lacey*, 968 N.W.2d 792, 800–01 (Iowa 2021). Here, the evidence supports the guilty verdict. A victim's testimony alone can be enough to prove sexual abuse. *State v. Kraii*, 969 N.W.2d 487, 491 (Iowa 2022) (confirming that corroboration of testimony of an alleged victim is not required in sexual abuse cases). And, although corroborative evidence is not required, *see* Iowa R. Crim. P. 2.21(3), there was corroborative evidence here in the form of the victim's changed behavior in the days after the party and her distress when reporting the assault to the school principal. While there was evidence that the victim's description of the incident varied in some respects in each account she

gave—whether to the forensic interviewer, the police, at deposition, or at trial—the jury was aware of those discrepancies. It is up to the factfinder, not us, to decide how much weight to give the conflicting evidence. *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) ("It is not our place 'to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury.'" (quoting *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006))). When viewing the evidence in the light most favorable to the verdict, *Cook*, 996 N.W.2d at 708, there is substantial evidence supporting the jury's determination that Duffield performed the sex act against the girl's will.

## II.    New Trial Based on Weight of the Evidence

Duffield filed a motion for a new trial. Within the motion Duffield asserted that the verdict was contrary to the weight of the evidence. *See* Iowa R. Crim. P. 2.24(2)(b)(6) (2023).[1] Duffield contends the district court applied the wrong standard in ruling on that part of his motion. We review rulings on motions for new trial for correction of legal error when there is a claim that the district court applied the wrong standard. *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018).

"A verdict is contrary to the weight of the evidence only when a greater amount of credible evidence supports one side of an issue or cause than the other." *Id.* at 570 (cleaned up) (citation omitted). The appropriate standard is "whether a greater amount of credible evidence suggests the verdict rendered was a miscarriage of justice." *Id.* (cleaned up) (citation omitted). In determining whether

---

[1] This rule is now located at rule 2.24(2)(b)(7). *See* Iowa R. Crim. P. 2.24(2)(b)(7) (2024).

a new trial should be granted because the verdict is contrary to the weight of the evidence, the district court must assess the credibility of witnesses and make its own determination about what weight to give different pieces of evidence. *See id.* at 570–71.

> In deciding Duffield's motion, the district court said:

> In our system of justice it is the jury's function to determine the credibility of a witness; it is for the jury to determine the effect of inconsistencies on the credibility of a witness. Discrepancies in testimony do not necessarily render a victim's testimony unbelievable. Mr. Duffield had the opportunity to question the child, or the victim, and during cross-examination brought up all the discrepancies we're talking about that existed between her testimony and the prior statements she may have made. Mr. Duffield also testified and told the jury his sexual encounter with the victim was consensual. Obviously, this jury assessed Duffield's testimony, compared it to the victim's, considered her inconsistencies that were brought up during cross and argued in closing arguments and determined the child's testimony was reliable and found the defendant guilty. This court, viewing the evidence in the light most favorable to the State, concludes substantial evidence did support the jury's verdict. I further conclude the State has met its burden of proof and that verdict—or judgment is properly entered. The verdict is not contrary to the weight of the evidence. Defendant's motion for new trial is denied.

Defense counsel then sought clarification by asking, "The court also said that the court was viewing the standard in the light most favorable to the State. Is the court using that standard today, or is the court using the broader weight of the evidence standard?" The court replied, "Greater weight of the evidence. Yes, greater weight of the evidence." It explained, "I used light most favorable to the State in your argument for directed verdict," "[b]ut here it's the greater weight of the evidence."

The State claims the court's clarification that it applied the correct standard suffices to show the correct standard was applied. We agree.

The manner used here is not a model of how to address a weight-of-the-evidence challenge because the district court didn't initially make clear when it switched from assessing the sufficiency of the evidence to independently assessing the weight of the evidence to rule on Duffield's new-trial motion. Nevertheless, after discussing standards applicable to a sufficiency-of-the-evidence issue, the court did appear to shift focus and address the weight-of-the-evidence challenge when it stated "[t]he verdict is not contrary to the weight of the evidence." Although we would be reluctant to conclude that this comment in isolation would be enough to show that the court applied the correct standard, the court's response to defense counsel's question shows that it did differentiate between the sufficiency-of-the-evidence standard and the weight-of-the-evidence standard and applied the correct one. Just as with its initial comments, the court's response was not a model to follow, as the court didn't explain how it applied the correct standard to reach its conclusion. Ideally, the court would provide some analysis to demonstrate it was correctly applying the weight-of-the-evidence standard. But our cases do not require judges to show their work. *See, e.g.*, *State v. Maxwell*, 743 N.W.2d 185, 192–93 (Iowa 2008) (reviewing the record to determine whether a basis for affirming denial of the motion existed when the district court gave no reasons for denying the new-trial motion). Here, enough was shown to establish that the court applied the correct standard.

The court's lack of analysis or explanation makes this a closer call than it needs to be, but we conclude that the court applied the correct weight-of-the-evidence standard in ruling on Duffield's new-trial motion. Consequently, we find no error in the court's ruling on it.

**III.    Conclusion**

Sufficient evidence supports the guilty verdict, and the court applied the correct standard in ruling on Duffield's claim that the verdict was contrary to the weight of the evidence.  As a result, we affirm.

**AFFIRMED.**