# IN THE COURT OF APPEALS OF IOWA

No. 24-1940
Filed April 15, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Todd Wayne Moore,**
Defendant–Appellant.

Appeal from the Iowa District Court for Tama County,
The Honorable Mark D. Fisher, Judge.

**AFFIRMED**

Kent A. Simmons, Bettendorf, attorney for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., Sandy, J., and Bower, S.J.
Opinion by Bower, S.J.

**BOWER, Senior Judge.**

Todd Moore appeals his conviction for domestic abuse assault with a dangerous weapon, challenging the sufficiency of the evidence. Upon our review, we affirm.

## I.    Background Facts and Proceedings

On March 13, 2024, Destanne Campbell was driving home from work when she saw a car in the ditch on her side of the road. Destanne saw a woman (later identified as N.C.) in the ditch "waving her arms and screaming for help" while a man (later identified as Moore) was "chasing her." Moore was chasing N.C. "[i]nto the field" and "[s]he was trying to get away from him." Destanne wanted to help N.C. but did not feel comfortable stopping by herself, so she picked up her mother, Leslie, and returned to the same stretch of the highway.

Upon their return a few minutes later, Destanne and Leslie saw a Jeep "swerve at [N.C.]" and almost hit her. Destanne pulled over and told N.C. to get in their car. N.C. obliged. Destanne and Leslie noticed N.C. was scared, shaking, and crying. N.C. identified the man who chased her and swerved at her as Moore. After dropping N.C. off to safety, Destanne and Leslie called the police to report the incident. Destanne, Leslie, and N.C. provided separate statements about the event.

At trial, Destanne and Leslie testified about what they saw and what N.C. had told them. N.C., however, recasted her initial statements and

denied any involvement by Moore in the crime. After a brief trial the jury came back with a guilty verdict.

## II. Standard of Review

We review claims challenging the sufficiency of the evidence for correction of errors at law. *State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022). "In reviewing the sufficiency of the evidence, we are highly deferential to the jury's verdict," and we are bound by it "if it is supported by substantial evidence." *Id.* Evidence is substantial if it can convince a rational fact finder of the defendant's guilt beyond a reasonable doubt. *Id.* at 516–17. To determine if "the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State." *Id.* at 517. This includes reasonable inferences and presumptions deduced from the record. *Id.*

## III. Sufficiency of the Evidence

Moore's charge for domestic abuse assault with a dangerous weapon arose from Destanne's and Leslie's reports, along with N.C.'s corroboration of what took place during the incident. The jury was instructed the State must prove the following elements of domestic abuse assault with a dangerous weapon:

> 1. On or about the 13th day of March 2024, the defendant did an act which was meant to place [N.C.] in fear of immediate physical contact which would have been painful, injurious, insulting, or offensive to [N.C.], by displaying in a threatening manner a dangerous weapon, to-wit: a motor vehicle driven by Todd Wayne Moore toward [N.C.].
>
> 2. The defendant had the apparent ability to do the act.
>
> 3. At that time the defendant used or displayed a dangerous weapon.
>
> 4. The act occurred between persons who have been family or household members residing together within the past year.

*See* Iowa Code § 708.2A(2)(c) (2024) (defining domestic abuse assault with a dangerous weapon). The jury determined the State proved all four elements and found Moore guilty as charged.

On appeal, Moore contests the sufficiency of the evidence on the basis both eyewitnesses lack credibility, arguing their previous knowledge[1] of Moore gave them reason to falsely identify him, resulting in prejudice. Moore further contends his defense of general denial was supported by the testimony of the alleged victim of the domestic-abuse assault, noting N.C. maintained at trial she did not recognize Moore's vehicle swerving at her, nobody chased her, and she was not waving her hands or screaming for help. N.C. testified she only said these events took place because the police questioning her would not take "no" for an answer.

However, "[t]he jury is the sole arbiter of witness credibility," not us. *State v. Lindaman*, 30 N.W.3d 547, 555 (Iowa 2025) (noting the defendant had "misperceive[d] our role" as the reviewing court by asking the court to reweigh witness credibility). Indeed, appellate review is "not the trial redux." *Mathis*, 971 N.W.2d at 519. "In considering a challenge to the sufficiency of the evidence, it is not the province of the court to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Lindaman*, 30 N.W.3d at 555 (cleaned up).

Here, the jury weighed these matters and was entitled to deem the witnesses' testimony credible or not. *See State v. Musser*, 721 N.W.2d 758, 761

---

[1] On cross-examination, the defense established Leslie had previously heard Moore's name in connection to an incident occurring at Moore's home. Destanne and Leslie work at a nursing home near Moore's home, and the incident involved other nursing home staff.

(Iowa 2006). We refuse to second-guess the jury's verdict on this basis. Because substantial evidence supports the jury's verdict, we affirm Moore's conviction for domestic abuse assault with a dangerous weapon.

**AFFIRMED.**