# IN THE COURT OF APPEALS OF IOWA

No. 22-1058
Filed December 20, 2023

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**BRENT RICHARD FISCHER,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Boone County, John J. Haney,

Judge.


　　Brent Fischer challenges his convictions for second-degree sexual abuse.

**AFFIRMED.**


　　Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, for appellant.

　　Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


　　Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

A jury found Brent Fischer guilty of six counts of second-degree sexual abuse for abusing a child. On appeal, Fischer challenges the admissibility of certain evidence. He also argues his convictions are not supported by sufficient evidence.

## I.    Sufficiency of the Evidence

We first address Fischer's challenge to the sufficiency of the evidence supporting his convictions. On this issue, we review for correction of errors at law. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). Jury verdicts bind us if they are supported by substantial evidence. *Id.* Evidence is substantial if it is sufficient to convince a rational factfinder that the defendant is guilty beyond a reasonable doubt. *Id.* In assessing whether evidence is substantial, "we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)).

When, as here, the defendant does not object to the jury instructions, those instructions become the law of the case for purposes of sufficiency-of-the-evidence challenges. *See State v. Mathis*, 971 N.W.2d 514, 518 (Iowa 2022). The marshaling instructions for each count required the State to establish two elements: (1) "Fisher performed a sex act with [the child], as explained in [another instruction]" and (2) "Fisher performed the sex act while [the child] was under the age of 12 years."[1] Another instruction explained,

---

[1] Each marshaling instruction for the six counts covered sex acts occurring at different points in time. As to count I, the marshaling instruction covered acts

"sex act" means any sexual contact:
1. By penetration of the penis into the vagina or anus.
2. Between the mouth of one person and the genitals of another.
3. Between the genitals of one person and the genitals or anus of another.
4. Between the finger or hand of one person and the genitals or anus of another person.
5. By use of artificial sex organs or substitutes therefor in contact with the genitalia or anus.
You may consider the type of contact and the circumstances surrounding it in deciding whether the contact was sexual in nature.

The jury instructions also explained, "The parties have stipulated that [the child] was under the age of 12 years old during the time frames set forth" in the marshaling instructions. So, the only fighting issue is whether Fischer performed six sex acts on the child.

The child testified at trial that Fischer would touch and lick her "vagina and [her] breasts and [her] butt." She explained Fischer first abused her when she was in either kindergarten or first grade and last abused her when she was in fifth grade. She estimated the abuse occurred about every other month and at least every year. This testimony is sufficient to establish Fischer committed at least six sex acts on the child. Yet Fischer attacks the child's testimony as not credible. He

occurring between March 1, 2008, and June 30, 2009. As to count II, the marshaling instruction covered acts occurring between July 1, 2009, and June 30, 2010. As to count III, the marshaling instruction covered acts occurring between July 1, 2010, and June 30, 2011. As to count IV, the marshaling instruction covered acts occurring between July 1, 2011, and June 30, 2012. As to count V, the marshaling instruction covered acts occurring between July 1, 2012, and June 30, 2013. As to count VI, the marshaling instruction covered acts occurring between July 1, 2013, and September 30, 2014. A separate instruction explained, "The State does not have to prove the specific date on which the crime occurred. The date of the offense is not a material element of any of the charges and is provided only as a frame for reference."

contends the child's testimony was too vague and contradictory and that it lacked corroboration.

While we agree with Fischer that his convictions hinge on the child's testimony, we disagree with his challenges to her testimony. First, we reiterate that a complaining witness's testimony does not require corroboration. *State v. Kraii*, 969 N.W.2d 487, 491 (Iowa 2022) (confirming that corroboration of testimony of an alleged victim is not required in sexual abuse cases).

Second, in assessing the sufficiency of the evidence, it is not the appellate court's role to "resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; [as] such matters are for the jury." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

Third, the child provided details about several instances of abuse, undermining Fischer's complaints that the testimony was somehow too vague. For example, she recalled one time when Fischer came into her room to collect a tooth she lost from under her pillow, abused her, and then left money under her pillow. She testified about another specific instance that occurred the night before her birthday—she recalled the sound her air conditioner made, the sound of Fischer walking up the stairs toward her bedroom, wedging herself between her bed and the wall, trying to hide from Fischer under a blanket, and then Fischer touching and licking her genitals, breasts, and anus. And it does not neutralize the sufficiency of the evidence that the child could not recall the specific details of every instance of abuse, which occurred over a number of years and several years prior

to her testimony.[2]  *See State v. Parker*, No. 22-0491, 2023 WL 7391664, at *2 (Iowa Ct. App. Nov. 8, 2023) ("We also note that she was sixteen at the time of trial, describing events that occurred when she was eight, nine, and ten years old.  We do not require total precision from the victim's testimony.").

In short, there is sufficient evidence supporting Fischer's convictions for second-degree sexual abuse.

## II.     Evidentiary Challenges

We move on to Fischer's evidentiary challenges.  He argues the court should not have admitted photos of the child in first, second, and third grade.  He also contends the district court permitted impermissible vouching and mirroring testimony from an expert witness.

We review evidentiary challenges for an abuse of discretion, our most deferential standard.  *State v. Webster*, 865 N.W.2d 223, 231 (Iowa 2015).  "An abuse of discretion occurs when the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'"  *State v. Rodriquez*, 636 N.W.2d 234, 239 (Iowa 2001) (citation omitted).

### A.     Photos of the Child

As to the photos of the child, Fischer argues they should have been excluded because they were "unfairly prejudicial, and the prejudice to [him] substantially outweighed the probative value, if at all."[3]  *See* Iowa R. Evid. 5.403.

---

[2] The child was eighteen years old at the time of trial and testified about events that occurred when she was between the ages of four and ten years old.

[3] To the extent Fischer attempts to raise constitutional challenges to the admission of the photos, he failed to preserve error by not raising those claims below.  *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) ("The rule of error preservation applies with equal strength to constitutional issues.").

We cannot say the district court abused its discretion by admitting the photos. As the State points out, the photos helped put the child's age at the time of the abuse into perspective. This helped jurors appreciate just how young she was at the time of the abuse, which would help the jury understand why the child did not appreciate the seriousness of the abuse and report it more quickly. So, the photos were relevant to the State's case. And the child's young age in the photos does not make them inherently unfairly prejudicial as Fischer suggests. The child appeared young in the pictures because the child was young at the time of the abuse. We find the district court did not abuse its discretion in admitting the photos.

### B. Alleged Vouching & Mirroring Expert Testimony

As for the admission of the expert testimony, Fischer claims the testimony impermissibly vouched for the child's credibility and mirrored her testimony. Again, we disagree. "We allow an expert witness to testify generally that victims of child abuse display certain demeanors." *State v. Jaquez*, 856 N.W.2s 663, 666 (Iowa 2014). That is what occurred here. The expert witness—a forensic interviewer who interviews children about suspected abuse—testified about common misconceptions about victims of child sexual abuse. She discussed how children disclose abuse; grooming; and how children sometimes have difficulty recalling specific details related to specific instances of abuse, particularly when the abuse was ongoing. The State coins this "myth-busting" testimony. In providing that testimony, the expert made no statements about believing the child or that the child's conduct was consistent with that of child victims of sexual abuse. Instead, her testimony stayed the course of explaining children's common responses to sexual abuse in a general sense.

Even if the expert had wanted to get into the specifics of this case, she could not, as she never interviewed the child nor did she review an interview of the child. Fischer latches onto this detail to claim the expert's testimony could not be relevant because she did not have personal knowledge of this case. But that was by design, as it avoided the possibility of impermissible vouching for the child's credibility. And the expert's myth-busting testimony helped explain to the jury how children respond to abuse, so it was relevant in this child sex-abuse case. *See State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014) ("Expert testimony in child sexual abuse cases can be very beneficial to assist the jury in understanding some of the seemingly unusual behavior child victims tend to display.").

The district court did not abuse its discretion by admitting the expert testimony.

**III.    Conclusion**

As the district court did not abuse its discretion in its decision admitting the challenged evidence and sufficient evidence supports Fischer's convictions, we affirm.

**AFFIRMED.**