**IN THE COURT OF APPEALS OF IOWA**

No. 23-0297
Filed April 10, 2024


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID EDWARD MYERS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Jennifer S. Bailey, Judge.


A defendant appeals his criminal conviction. **AFFIRMED.**


R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.


Considered by Greer, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

While seeking medical treatment at a hospital for an unrelated injury, a woman reported an incident of violence that occurred a few days earlier. The woman had a bruised chest and hemorrhaged eye. She reported that her then-paramour, David Myers, inflicted the injuries. Hospital staff contacted law enforcement. Following an investigation, Myers was charged with domestic abuse assault causing bodily injury in violation of Iowa Code sections 708.1 and 708.2A(2)(b) (2022). A jury found Myers guilty. Myers appeals, challenging the sufficiency of the evidence.

Before discussing the merits of the issue raised by Myers, we first address the scope of this appeal. Myers frames his appeal as a sufficiency-of-the-evidence challenge, yet he sprinkles his brief with references to evidentiary challenges. If Myers intended to raise evidentiary issues—which is not clear—we decline to address them for three reasons. First, any evidentiary challenges are not developed, and we will not develop arguments for him. *See, e.g.*, *State v. Wilson*, No. 21-1287, 2022 WL 17481348, at *1 (Iowa Ct. App. Dec. 7, 2022) (declining to address evidentiary issues sprinkled within a sufficiency-of-the-evidence challenge). Second, the way Myers presents the evidentiary issues leads us to conclude the issues are included only as part of his sufficiency challenge. *See id.* Third, even if his evidentiary challenges were clearly presented and developed, we could not address them because error was not preserved for our review. Myers raised no objections to the evidence he now seemingly challenges when it was offered at trial, so he cannot challenge the evidence on appeal. *See State v. Trane*, 984 N.W.2d 429, 434–35 (Iowa 2023) ("We will not consider an evidentiary

complaint unless the complaining party made their 'specific objection' to the evidence 'known' in the district court, and the court had the 'opportunity to pass upon the objection and correct any error.'" (quoting *State v. Brown*, 656 N.W.2d 355, 361 (Iowa 2003))). So, if Myers is attempting to lodge evidentiary challenges, we decline to address them, and we limit our discussion to his sufficiency-of-the-evidence challenge.

We review sufficiency-of-the-evidence challenges for correction of errors at law. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). This means we view the record "in the light most favorable to the State" and "draw all legitimate inferences in support of the verdict." *Id.* (citation omitted). We will uphold a verdict if it is supported by substantial evidence. *Id.* Evidence is substantial if it could persuade a rational jury that Myers is guilty beyond a reasonable doubt. *See id.*

The district court instructed the jury that, in order to find Myers guilty of domestic abuse assault causing bodily injury, the State had to prove four elements: (1) Myers acted with the intent to cause pain or injury to the woman, result in physical contact which was insulting or offensive to her, or place her in fear of immediate physical contact that would have been painful, injurious, insulting, or offensive to her; (2) Myers had the apparent ability to do the act; (3) the act caused a bodily injury to the woman; and (4) the act occurred between family or household members who resided together at the time of the incident or within the past year. Myers made no objection to the instructions, so they became the law of the case for purposes of appellate review of his sufficiency-of-the-evidence challenge. *See State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020).

While Myers does not expressly state which element or elements of the marshaling instruction he contends the State failed to prove, we discern from the substance of his argument that he challenges only the intent component of the first element. Myers argues the State presented insufficient evidence to prove his specific intent. *See State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010) (confirming that assault under what is now Iowa Code section 708.1(2)(a) or (b) is a specific-intent crime). Myers points to the conflicting testimony given by him and the woman. Myers testified that he and the woman got in a "playful" struggle over her cell phone because he desired to look at a photo on her phone, so he intended no harm. The woman's testimony painted a different picture—Myers came at her aggressively, tried to get her phone from her, and "held [her] down against [her] will and hurt [her]." She testified that she sustained injuries in the encounter and that Myers's pattern of violence made her "scared for [her] life." *See State v. Taylor*, 689 N.W.2d 116, 125 (Iowa 2004) (noting that prior acts of violence are relevant on the issue of intent in a domestic-abuse-assault case).

Because "[s]pecific intent is seldom capable of direct proof," a factfinder can infer a defendant's intent to commit an assault based on the circumstances. *State v. Walker*, 574 N.W.2d 280, 289 (Iowa 1998); *see also Taylor*, 689 N.W.2d at 132. Here, the jury's guilty verdict in the face of the competing evidence shows it believed the woman's testimony and concluded Myers possessed the requisite intent. The authority to make that credibility determination rests with the jury, not the appellate court. *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006). As substantial evidence supports the guilty verdict, we affirm.

**AFFIRMED.**